**IT IS ORDERED**

**Date Entered on Docket: January 24, 2020**



**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

Navarre Baca,
Michael Baca                           Case No. 19-12799-t7

    Debtor(s).

## DEFAULT ORDER GRANTING HOME POINT FINANCIAL RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT 1609 BOWE LANE SW, ALBUQUERQUE, NEW MEXICO 87105

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property located at 1609 Bowe Lane SW, Albuquerque, New Mexico 87105 filed on December 26, 2019, Docket No. 15 (the "Motion") by Home Point Financial ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)    On December 26, 2019, Movant served the Motion and a notice of the Motion (the "Notice") on the case trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor(s) by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b)     The Motion relates to the following property:

Lot numbered Nine (9), of the BOWE ADDITION, as the same are shown and designated on the plat thereof filed in the office of the County Clerk of Bernalillo County, New Mexico on February 26, 1951, in Plat Book C1, Folio 145

(the "Property").

(c)     The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on January 21, 2020;

(f)     As of January 22, 2020, neither the Debtor(s) nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g)     The Motion is well taken and should be granted as provided herein; and

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies, under penalty of perjury that, on January 22, 2020, Krista Jones, Bankruptcy Legal Assistant searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor Navarre Baca is currently on active military duty of the United States. The Debtor Michael Baca did not sign the Note or Mortgage and Movant therefore does not have a social security number for Michael Baca. On information and belief, based on a review of the Debtors' Statements and Schedules filed herein, the Debtor Michael Baca is not currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1.     Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements,

and/or other agreements to which Debtor(s) is/are a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

        (b)      To exercise any other right or remedy available to them under law or equity with respect to the Property.

    2.      The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

    3.      The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor(s), although the Debtor(s) can be named as a defendant in litigation to obtain an in rem judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

    4.      This Order does not waive Movant's claim against the estate for any deficiency owed by the Debtor(s) after any foreclosure sale or other disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within 30 days after a foreclosure sale of the Property, should it claim that Debtor(s) owe any amount after the sale of the Property.

    5.      This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

    6.      This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

Submitted by:

TIFFANY & BOSCO, P.A.

By: /S/Electronically submitted/ January 2 , 2020
Karen H. Bradley
Attorney for Movant
P.O. Box 3509
Albuquerque, New Mexico 87190
Ph: (505) 248-2400   Fax: (505) 254-4722


Copies to:

Navarre Baca and Michael Baca
Debtors Pro Se
1609 Bowe Ln SW
Albuquerque, NM  87105

Yvette J. Gonzales
Trustee
PO Box 1037
Placitas, NM  87043-1037